UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LE-MAYNE DE-NIRO GAYLE-SAWYERS,  Petitioner,  v.  FITZROY ALEXANDER WELLINGTON and DENEESE WELLINGTON,  Respondents. | CIVIL ACTION NO.  1:22-CV-2309-SEG  (Hague Convention Action) |

**O R D E R**

This case is before the Court on Petitioner's Unopposed Emergency Motion to Transfer Venue (Doc. 17), which asks the Court to transfer this action to the United States District Court for the Southern District of New York. For the following reasons, the Court will **GRANT** the motion and **DIRECT** the Clerk to coordinate the transfer of the matter as soon as possible.

**I.   Discussion**

On June 9, 2022, Petitioner filed this case under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9000–9011, seeking the return of her son, J.J.W. (the "Child") to her home country of Jamaica. Despite diligent efforts by Petitioner and her

counsel, she has been unable to date to serve Respondents. There is some indication that Respondents may be evading service despite their awareness that legal process has been initiated against them. At the time of the filing of the Petition, Petitioner represented to the Court that she had been informed by the Respondent Fitzroy Alexander Wellington that the Child was located in the Northern District of Georgia. Investigation by Petitioner subsequently revealed that the Child is now located in Mount Vernon, New York, which is in the Southern District of New York.

Transfers of venue are authorized by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought." The goals of § 1404(a) are "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

To determine the propriety of transfer to a different district, courts in the Eleventh Circuit engage in a two-step analysis. *Osgood v. Disc. Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1263-64 (S.D. Fla. 2013). First, courts determine whether the action could have been brought in the venue in which transfer is

sought. *Id.* Second, courts assess whether convenience and the interest of justice require transfer to the requested forum. *Id.*

ICARA provides that venue is proper "in any court which has jurisdiction of such action and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed." 22 U.S.C. § 9003(b). The Court finds that both the United States District Court for the Southern District of New York and the Northern District of Georgia are judicial districts where the civil action "might have been brought" under 22 U.S.C. § 9003(b).

Once the Court is satisfied that the transferee district is one in which this Petition might have been brought, the remaining issues for the Court's consideration are whether such a transfer is "[f]or the convenience of parties and witnesses" and whether transfer is "in the interest of justice." 28 U.S.C. § 1404(a); *see also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008) ("Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience.") (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). In deciding this issue, "courts focus on a number of potential factors including: (1) the convenience of the witnesses; (2) the location of documents and other sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the ability of process to compel the attendance of

3

unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Osgood*, 981 F. Supp. 2d at 1263-64 (citation omitted).

After weighing these factors, the Court finds that this case should be transferred to the Southern District of New York. The primary evidence regarding the Child's removal and retention exists in the country of Jamaica and in Mount Vernon, New York. While there may be some evidence in Georgia regarding the Child's removal—particularly the initial flight of the Child into Georgia—that evidence can be obtained by subpoena issued to the appropriate airline from a District Court for the Southern District of New York. Finally, the Southern District of New York has the power to exercise process over Respondent, the Child, and over any other witnesses who may become relevant in this matter. This includes the power to impose "provisional remedies" under New York law. *See* 22 U.S.C. § 9004 (permitting a Court to "take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition.").

## II. Conclusion

For the foregoing reasons, Petitioner's motion (Doc. 17) is **GRANTED**. The Court **ORDERS** that this case be transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404. Given the nature of the case, the transfer should be effected on an expedited basis. The Clerk is therefore **DIRECTED** to transfer the case as soon as possible.

**SO ORDERED** this 22nd day of August, 2022.

_____
SARAH E. GERAGHTY
United States District Judge